# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8188 | **DATE** | 4/17/2003 |
| **CASE TITLE** | Harry R. Watkins vs. United States of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss the complaint [5-1] is granted and its motion for summary judgment [5-2] is denied as unnecessary. Judgment is entered in favor of the defendant, United States of America and against plaintiff, Harry R. Watkins. This case is hereby dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | APR 17 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 18 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RO | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HARRY R. WATKINS ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 02 C 8188 |
| v. ) | |
| ) | Judge Ruben Castillo |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Harry R. Watkins sued a postal employee under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, for allegedly stealing or tampering with a package he was returning to the sender. Defendant the United States of America[1] moves to dismiss Plaintiff's complaint on the basis of *res judicata*, failure to exhaust administrative remedies and for lack of subject matter jurisdiction. For the following reasons we grant Defendant's motion to dismiss (R. 5-1), and deny Defendant's motion for summary judgment as unnecessary, (R. 5-2).

## RELEVANT FACTS

On June 14, 2002, Watkins sued in state court alleging that a United States Postal Service employee stole or tampered with a package he was returning to a catalogue retailer. The United States removed the action to federal court and substituted itself as Defendant pursuant to 28 U.S.C. § 2679 of the FTCA. On August 20, 2002, this Court *sua sponte* dismissed the lawsuit without prejudice for failure to exhaust administrative remedies under the FTCA. On August 21,

---

[1] Watkins originally sued postal employee Stephanie Hull. When the Government removed the case to federal court, however, it appended a certificate pursuant to 28 U.S.C. § 2679 averring that Ms. Hull was acting within the scope of her employment as an employee of the United States at the time the incident occurred. Accordingly the United States is substituted as Defendant for purposes of this FTCA claim. 28 U.S.C. § 2679(d)(1).



2002, the United States filed a motion to dismiss the complaint with prejudice for: (1) failure to exhaust under the FTCA; and (2) lack of subject matter jurisdiction over claims for damages arising out of the loss, miscarriage or negligent transmission of mail. *See* 28 U.S.C. § 2680(b). Although we initially dismissed the case without prejudice, on September 5, 2002, we granted Defendant's motion and dismissed the case with prejudice.

Rather than appealing this dismissal, Watkins returned to state court to file another, virtually identical complaint on October 2, 2002. The United States timely removed the complaint to this Court, where we again dismissed without prejudice for failure to exhaust administrative remedies. The Government now moves to dismiss or, in the alternative, for summary judgment, this time raising three grounds: (1) Watkins' claims are barred by *res judicata* stemming from this Court's prior dismissal with prejudice; (2) failure to exhaust; and (3) lack of subject matter jurisdiction. We appointed counsel for Watkins and the parties have submitted briefs supporting their respective positions. Presently before the Court is Defendant's motion to dismiss, or in the alternative, for summary judgment.

## LEGAL STANDARDS

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), which challenges this Court's subject matter jurisdiction, we must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor. *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. *Kennedy v. Nat'l Juvenile Det. Ass'n.*, 187 F.3d 690, 694 (7th Cir. 1999); *Cortez ex rel. Cortez v. Calumet Pub. Sch. Dist. # 132*, No. 01 C

8201, 2002 WL 31177378, at *1 (N.D. Ill. Sept. 30, 2002). Furthermore, when a defendant challenges subject matter jurisdiction under Rule 12(b)(1), we may properly look beyond the complaint and consider any evidence submitted on the issue. *Meridian Rail Prods. Corp. v. Amsted Indus., Inc.*, No. 02 C 3708, 2002 WL 31103479, at *2 (N.D. Ill. Sept. 18, 2002).[2]

## ANALYSIS

The Government raises three grounds on which to dismiss Watkins' suit. First, Defendant argues that Watkins' suit is barred by the doctrine of *res judicata* because we dismissed his earlier suit with prejudice. Second, Defendant asserts that this Court lacks subject matter jurisdiction over Watkins' suit because his claim of lost mail, whether negligent or intentional, is not cognizable under the FTCA. *See* 28 U.S.C. § 2680(b). Finally, Defendant insists that even if the suit is not precluded by *res judicata*, Watkins failed to exhaust his administrative remedies before filing suit.

First, we agree with the Government that our prior dismissal with prejudice precludes Watkins' present suit, but because we did not issue a memorandum opinion explaining our reasons for dismissal in the prior case, we take the opportunity to do so now. In Watkins' first case, we dismissed the suit without prejudice for failure to exhaust, a ruling that carried no *res judicata* effect. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990). We then

---

[2] For this reason, we need not convert Defendant's motion into one for summary judgment, and may dismiss Defendant's alternative motion for summary judgment as unnecessary. *Crawford v. United States*, 796 F.2d 924, 927-28 (7th Cir.1986) (that defendant attaches documents outside the pleadings does not automatically warrant conversion of the motion to one for summary judgment because defendant is asserting that court lacks jurisdiction); *Calderon v. United States*, 923 F. Supp. 127, 128 (N.D. Ill. 1996).

3

granted the Government's motion to dismiss with prejudice on the ground that this Court lacked subject matter jurisdiction over Watkins' claim because the FTCA specifically exempts such suits from its waiver of sovereign immunity. This ruling operated as a dismissal on the merits. *See Phillips v. Shannon*, 445 F.2d 460, 462 (7th Cir. 1971) ("A dismissal with prejudice is a final judgment on the merits which will bar a second suit between the same parties for the same cause of action.") (internal quotations omitted).

If Watkins was dissatisfied with our order disposing of the first case, he should have appealed that decision to the Seventh Circuit Court of Appeals. *Miller v. Albright*, 523 U.S. 420, 448 (1998) (O'Connor, J. concurring); *Elmore v. Henderson*, 227 F.3d 1009, 1013 (7th Cir. 2000). Instead Watkins filed a new case in state court, which the Government removed and again moved to dismiss, this time on *res judicata* grounds, among others. *Res judicata* operates to bar subsequent litigation in federal court when there is "(1) an identity of the causes of actions; (2) an identity of the parties or their privies; and (3) a final judgment on the merits." *See Kratville v. Runyon*, 90 F.3d 195, 197-98 (7th Cir. 1996). Generally a dismissal for lack of subject matter jurisdiction is not on the merits, and thus will not bar a later suit "in a court of competent jurisdiction" on *res judicata* grounds. *Magnus Elecs., Inc. v. La Republica Argentina*, 830 F.2d 1396, 1400 (7th Cir. 1987). However, it does "preclude relitigation of the issue of whether the first tribunal had jurisdiction," and thus does have collateral estoppel, or issue preclusion, effect in later proceedings. *Id.* (emphasis and citation omitted); *see also Perry v. Sheahan*, 222 F.3d 309, 318-19 (7th Cir. 2000); *Weber v. Cent. Reg'l U.S. Merit Sys. Prot. Bd.*, No. 98 C 7345, 1999 WL 160365, at *2 n.1 (N.D. Ill. Mar. 17, 1999).

Watkins argues his case is not precluded because he has since exhausted his administrative remedies, thus satisfying any impediments to jurisdiction that warranted dismissal of his first case. This argument misses the mark, however, because this Court's prior dismissal for failure to exhaust was without prejudice and thus without *res judicata* effect. *See Cooter & Gell*, 496 U.S. at 395. Watkins fails to address the prior ground for dismissal that *does* raise preclusion issues—namely, this Court's prior determination that we lack subject matter jurisdiction to entertain a suit falling within the exception carved from the FTCA in 28 U.S.C. § 2680(b). As noted above, our prior ruling results in preclusion of further litigation regarding our lack of subject matter jurisdiction to hear the suit. *See Perry*, 222 F.3d at 318-19; *Weber*, 1999 WL 160365, *2 n.1. In *Perry* the Seventh Circuit emphasized:

> Although only judgments on the merits preclude parties from litigating the same cause of action in a subsequent suit, that does not mean that dismissals for lack of jurisdiction have no preclusive effect at all. A dismissal for lack of jurisdiction precludes relitigation of the issue actually decided, namely the jurisdictional issue. The difference is in the type of preclusion, not the fact of preclusion. A judgment on the merits precludes relitigation of any ground within the compass of the suit, while a jurisdictional dismissal precludes only relitigation of the ground of that dismissal . . . and thus has collateral estoppel (issue preclusion) effect rather than the broader res judicata effect that nowadays goes by the name claim preclusion.

*Perry*, 222 F.3d at 318 (internal citation and quotations omitted). Watkins' argument that "[w]hen a suit is dismissed for lack of jurisdiction, the same cause of action may still be relitigated in a court of competent jurisdiction," (R. 9, Pl.'s Resp. at 2) (quoting *Magnus Elecs., Inc. v. La Republica Argentina*, 830 F.2d at 1400), mistakes jurisdictional defects that sometimes can be cured (*e.g.*, failure to exhaust or bringing suit in the wrong forum), which are not necessarily barred by issue or claim preclusion, with those that cannot be cured (*e.g.*, jurisdictional limits based on the government's sovereign immunity), which unfortunately are

5

barred by issue preclusion. In this case, as demonstrated below, there is *no* "court of competent jurisdiction" for Watkins' suit unless and until the United States amends § 2680 of the FTCA to waive its sovereign immunity for tort suits arising from the "loss, miscarriage or negligent transmission" of postal matter. 28 U.S.C. § 2680(b). Because Watkins cannot bring a tort suit against the Government except through the FTCA, which, as discussed below, bars Watkins' claim, our prior ruling stands and precludes him bringing the claim anew.

That being said, we reiterate that there is no subject matter jurisdiction over Watkins' suit. The FTCA generally authorizes suits against the United States for damages "for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." *See* 28 U.S.C. § 1346(b); *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 535 (1988). However, the FTCA includes a number of exceptions to this broad waiver of sovereign immunity, including as relevant here, no governmental liability for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). When a claim falls within a statutory exception to the FTCA's waiver of sovereign immunity, the Court lacks subject matter jurisdiction to hear the case. *Berkovitz*, 486 U.S. at 535.

The United States claims that § 2680(b) applies in this case and precludes Plaintiff's suit. Watkins responds that the § 2680(b) exception does not encompass "intentional acts of misconduct carried out by [postal employees]." (R. 9, Pl.'s Resp. at 4.) In support, Plaintiff cites *Birnbaum v. United States*, 588 F.2d 319 (2d Cir. 1978), where individuals sued for invasion of privacy after their letters to and from the Soviet Union were opened and photocopied by the Central Intelligence Agency. The *Birnbaum* court, in holding that the statutory exception in

§ 2680(b) did not apply to the facts of the case, stated that "[t]he language of the exception itself indicates that it was not aimed to encompass intentional acts" and "[h]ad Congress intended to bring Intentional [sic] disturbance of the integrity of a letter within the postal exception, it would not have used the term 'negligent transmission.'" *Id.* at 328.

We disagree. First, the FTCA applies to actions against the United States arising from "the negligent or wrongful act or omission of any employee of the Government . . ." 28 U.S.C. § 1346(b). Thus, intentional torts are cognizable under the FTCA. Second, the language of the § 2680(b) exception and the placement of the word "negligent" necessarily leads to the conclusion that intentional torts are not excluded from the section. Principles of statutory construction dictate that we accord the words in a statute their plain meaning, employ common grammatical rules and apply proper English usage. *United States v. Locke*, 471 U.S. 84, 95 (1985) (absent any statutory definition, a term should be given its commonly understood meaning). According to common English usage "single word adjectives . . . usually appear immediately before the word they modify." Porter G. Perrin & George H. Smith, Handbook of Current English § 25.2 (1955); *see also In re Owen*, No. 01-CV-4313-JPG, 2002 WL 531570, at *3 (S.D. Ill. April 5, 2002) (if an adjective appears in front of a noun, the adjective is understood to be a modifier or qualifier of the noun). On the other hand, it is uncommon to use a single-word adjective to modify separate nouns occurring in a series. *Clarkson v. Town of Florence*, 198 F. Supp. 2d 997, 1012 (E.D. Wis. 2002); *In re Payless Cashways, Inc.*, 215 B.R. 409, 414-15 (W.D. Mo. 1997) (general rule of grammar is that modifier should be placed to avoid ambiguity as to which subject or verb it modifies; therefore, participial phrases should be tied to the noun or pronoun they modify).

7

The postal exception bars suits for "loss, miscarriage, or *negligent transmission*" of postal matter. Had the drafters intended to completely exclude intentional torts, they would have placed the word "negligent" at the beginning of the section or before each event so that it could be read as applying equally to loss, miscarriage and transmission. That the drafters chose not to do so leads us to conclude that claims arising from intentional acts of "loss" or "miscarriage" of mail also are barred under the exception.[3]

Third, the legislative history of the FTCA, while sparse, supports a finding that the postal exception was intended to cover both negligent and intentional mishandling of the mail. As an initial matter, the purpose of sovereign immunity is to "strike[] a balance between the public interest in having injurious acts compensated and the competing public interest in safeguarding the ability of responsible governmental employees to 'faithfully carry out their duties without fear of protracted litigation in unfounded damages suits.'" *Davric Maine Corp. v. United States Postal Serv.*, 238 F.3d 58, 65 (1st Cir. 2001). Thus, the United States is "liable to the owners of lost . . . mail only to the extent to which it has consented to be liable . . . ." *Allied Coin Inv., Inc. v. United States Postal Serv.*, 673 F. Supp. 982, 987 (D. Minn. 1987). During hearings before the Senate Judiciary Committee prior to the enactment of § 2680(b), a Justice Department official explained the rationale underlying the exception:

> Every person who sends a piece of postal matter can protect himself by registering it, as provided by the postal laws and regulations. It would be intolerable, of course, if in any case of loss or delay, the government could be sued for damages. Consequently, this provision was inserted.

---

[3] A loss may be either accidental or intentional. Black's Law Dictionary defines "loss" not only as the "unintentional parting with something of value" but also as synonymous with "damage," "dispossession" and "privation." Black's Law Dictionary 944 (6th ed. 1990). Dispossession and privation imply an active and intentional deprivation of property.

8

Hearings before the Senate Judiciary Comm., S. 2690, 76th Cong. 3d Sess. 38 (1940) (testimony of A. Holtzoff, Special Assistant to the Attorney General). Holtzoff also commented that the purpose of the exception was to "exempt certain tort claims that would be difficult to defend, or in respect to which it would be unjust to make the government liable." *Id.* at 22. The postal service handles millions pieces of mail each year; naturally, instances of stolen or misplaced mail are inevitable. With the passage of § 2680(b), Congress intended to minimize lawsuits arising from these "unavoidable mishaps incident to the ordinary accepted operation" of the Postal Service. *Brandofino v. United States Postal Serv.*, 14 F. Supp. 2d 1160, 1163 (D. Ariz. 1998). If we were to construe the § 2680(b) exception as excluding intentional torts, potential litigants would simply recast their lost-mail claims as ones for mail theft in order to survive the jurisdictional bar, thus opening the floodgates of litigation and contravening the intent of the exclusion.

Finally, courts have held or implicitly assumed that the § 2680(b) postal exception includes intentional torts such as theft of mail. *See, e.g., Marine Ins. Co. v. United States*, 378 F.2d 812, 813 (2d Cir. 1967) (holding that § 2680(b) exception barred claim arising from theft of package of emeralds sent from Geneva to the United States); *Sump v. United States Postal Service*, No. 97-1133-RDR, 1997 WL 808658, at *2 (D. Kan. Dec. 19, 1997) (suit alleging mail fraud and theft barred under § 2680(b)). We decline to read the statute any differently and therefore lack jurisdiction over Watkins' suit.[4] For the foregoing reasons, the Government's motion to dismiss is granted, (R. 5-1), and its motion for summary judgment is denied as

---

[4] Because we hold that Watkins' suit is barred by § 2680(b), we need not reach the question of whether he fully exhausted his administrative remedies before filing suit.

9

unnecessary, (R. 5-2). The Clerk is instructed to enter final judgment pursuant to Federal Rule of Civil Procedure 58 against Watkins.

ENTERED:

Judge Ruben Castillo
United States District Court

Dated: April 17, 2003